UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SUE SMITH,

        Plaintiff,

v.

BARBARA MCKEEGAN and
MARGUERITE HARK,

        Defendants.
_____/

# **COMPLAINT**

Plaintiff, SUE SMITH, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, BARBARA MCKEEGAN and MARGUERITE HARK, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, Defendant BARBARA MCKEEGAN was the employer of Plaintiff as defined by the FLSA.

6. At all times material hereto, Defendant MARGUERITE HARK was the employer of Plaintiff as defined by the FLSA.

7. At all times material hereto, SUE SMITH was employed as a certified home health aide /caregiver to work in the private residence of Defendant, MARGUERITE HARK, located in Surfside, Florida 33154.

8. At all times material hereto, Plaintiff SUE SMITH was classified by Defendants as an independent contractor.

9. Plaintiff should have been classified as an employee.

10. Plaintiff's primary duties were to provide caregiver services to Defendant MARGUERITE HARK which included preparing her for bedtime, assisting with clothing changes, toileting, bathing, laundry, supervision of nightly medications, companionship and continuing to check in on her throughout the night.

11. Plaintiff worked for Defendants from approximately October 27, 2021, to March 5, 2022.

12. At all times during Plaintiff's employment she was paid $300.00 per shift.

13. Plaintiff's shifts were 12 hours long (e.g. 8 am – 8 pm).

14. Plaintiff typically worked 5 shifts per week.

15. Plaintiff typically worked 60 hours per week.

16. Plaintiff was typically paid $1,500.00 per week.

17. Plaintiff's regular rate of pay was $25 per hour ($300 divided by 12 hours - $25).

18. Plaintiff was not paid time and one-half her regular rate of pay for hours worked over 40 hours per week.

19. In addition to her wages, Plaintiff was paid $25.00 per week for valet parking fees and $40.00 per day for travel expenses.

20. At all times during Plaintiff's employment, BARBARA MCKEEGAN was directly

involved in decisions affecting Plaintiff's hours worked, schedule and shift, including overtime hours worked.

21. At all times during Plaintiff's employment, BARBARA MCKEEGAN was directly involved in decisions affecting Plaintiff's compensation, including the compensation paid for overtime hours worked.

22. At all times during Plaintiff's employment, MARGUERITE HARK was directly involved in decisions affecting Plaintiff's hours worked, schedule and shifts, including overtime hours worked.

23. At all times during Plaintiff's employment, MARGUERITE HARK was directly involved in decisions affecting Plaintiff's compensation, including the compensation paid for overtime hours worked.

24. At all times during Plaintiff's employment, BARBARA MCKEEGAN was Plaintiff's employer as defined by law.

25. At all times during Plaintiff's employment, BARBARA MCKEEGAN customarily and regularly directed the work of Plaintiff and other employees.

26. At all times during Plaintiff's employment, BARBARA MCKEEGAN had the authority to hire or fire Plaintiff and other employees.

27. At all times during Plaintiff's employment, BARBARA MCKEEGAN's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of Plaintiff and/or other employees was or would have been given particular weight.

28. At all times during Plaintiff's employment, MARGUERITE HARK was Plaintiff's employer as defined by law.

29. At all times during Plaintiff's employment, MARGUERITE HARK customarily and

regularly directed the work of Plaintiff and other employees.

30. At all times during Plaintiff's employment, MARGUERITE HARK had the authority to hire or fire Plaintiff and other employees.

31. At all times during Plaintiff's employment, MARGUERITE HARK's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of Plaintiff and/or other employees was or would have been given particular weight.

32. While working for Defendants, Plaintiff was individually engaged in interstate commerce.

33. While working for Defendants, Plaintiff regularly used the internet, email and telephones to communicate and/or do business outside of the State of Florida.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35. Plaintiff worked for Defendants from approximately October 17, 2021 to March 5, 2022.

36. At all times during Plaintiff's employment she was paid $300.00 per shift.

37. Plaintiff's shifts were 12 hours long (e.g. 8:00am – 8:00pm).

38. Plaintiff typically worked 5 shifts per week.

39. Plaintiff typically worked 60 hours per week.

40. Plaintiff was typically paid $1,500.00 per week.

41. Plaintiff's regular rate of pay was $25 per hour ($300 divided by 12 hours - $25).

42. Plaintiff worked for Defendants as a certified home health aide /caregiver.

43. Plaintiff's primary duties and responsibilities included preparing her for bedtime,

assisting with clothing changes, toileting, bathing, laundry, supervision of nightly medications, companionship and continuing to check in on her throughout the night.

44. Plaintiff was not paid on a salary basis.

45. Plaintiff was not paid the same amount each week.

46. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

47. Plaintiff's weekly pay was subject to reduction based on the number of hours worked.

48. Plaintiff's weekly pay was subject to reduction if she worked less than forty (40) hours.

49. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

50. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

51. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

52. Defendants knew or showed reckless disregard of the above FLSA violations.

53. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

54. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

55. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, SUE SMITH, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
SUE SMITH, as Plaintiff

04/04/2022
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail:
Counsel for Plaintiff

By:   /s/Todd W. Shulby, Esq.
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365